IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT T. BAUM,<br><br>               Plaintiff,<br><br>vs.<br><br>DANIEL T. QUINN,<br><br>               Defendant. | Case No. 3:22-cv-00069 RRB<br><br>**ORDER OF DISMISSAL**<br>**(Dockets 15, 16)** |

## I. INTRODUCTION

On October 14, 2016, Plaintiff injured his rotator cuff when he tripped on pallets in a Home Depot in Wasilla, Alaska.[1] Plaintiff sued Home Depot for negligence in state court in May 2017. Following trial in October 2019, the jury found that Home Depot was negligent, but that its negligence was "not a substantial factor in causing harm to Baum." In July 2021, the Alaska Supreme Court affirmed the trial court's decision to deny a new trial.[2] In February 2022, Plaintiff filed this suit in state court against Home Depot's trial attorney, Daniel Quinn, in relation to a "missing" video of the incident at Home

---

[1] The factual summary is taken from Defendant's briefing, which cites the Alaska Supreme Court decision on appeal, *Baum v. Home Depot U.S.A., Inc.*, Supreme Court No. S-17755, 3 (Alaska Jul. 21, 2021). *See* https://casetext.com/case/baum-v-home-depot-usa-inc.
[2] *Id*.

Depot.³ The matter was removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.⁴

Before the Court is Defendant's Motion to Dismiss on grounds of Collateral Estoppel and *Res Judicata*,⁵ as well as Defendant's Motion to Dismiss due to expiration of the statute of limitations.⁶ A motion under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint.⁷ When considering a 12(b)(6) motion to dismiss, courts generally must accept the plaintiff's allegations as true and construe them in the light most favorable to plaintiff.⁸ However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."⁹ Plaintiff has opposed both motions,¹⁰ and Defendant has replied.¹¹

## II. DISCUSSION

### A. Cause of Action

Plaintiff's Complaint states a number of concerns regarding an alleged video.¹²

Defendant acknowledges that Plaintiff made repeated requests for video of the Home Depot incident, but maintains that no such video has ever existed. Despite the

---

³ Docket 5-1.
⁴ Docket 1.
⁵ Docket 15.
⁶ Docket 16.
⁷ *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
⁸ *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020).
⁹ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
¹⁰ Docket 19.
¹¹ Dockets 21, 22.
¹² Docket 5-1 at 1.

*Baum v. Quinn*　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cv-00069-RRB
Order of Dismissal　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:22-cv-00069-RRB   Document 23   Filed 09/19/22   Page 2 of 7

existence of the video globes throughout the Home Depot, sworn deposition testimony by Brandon Erickson, Home Depot's Alaska Asset Manager who oversees security, stated that although "every Home Depot store has globes in the ceilings where cameras can be installed, . . . cameras are actually installed only in a very limited number of those globes . . ." and that "there were no active cameras at the location where Mr. Baum's accident occurred."[13] Indeed, as part of Plaintiff's closing argument at trial, counsel noted that Home Depot "had taken no video or photographs of the pallets, even after Baum fell."[14]

It is unclear whether Plaintiff alleges fraud in the form of *withholding* video evidence, negligence in the *loss* of video evidence, or intentional *spoliation* of evidence. However, the result is the same, regardless of the theory of the case.

**B.      Statute of Limitations**

The statute of limitations in Alaska varies depending on the claim. The statute of limitations for torts is two years "except as otherwise provided by law."[15] Fraudulent concealment and spoliation claims generally sound in tort, but Alaska Stat. § 09.10.053 provides for three years if the underlying claim sounds in contract.[16] A statute of limitations can be extended under the "discovery rule," which tolls a statute of limitations "[w]here an element of a cause of action is not immediately apparent."[17]

---

[13] Docket 15-2.
[14] *Baum v. Home Depot U.S.A., Inc.*, Supreme Court No. S-17755, 3 (Alaska Jul. 21, 2021).
[15] Alaska Stat. § 09.10.070(a). "Except as otherwise provided by law, a person may not bring an action . . . unless the action is commenced within two years of the accrual of the cause of action."
[16] *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1273 (Alaska 2013). "AS 09.10.070 is a residual statute of limitations in that it governs all claims 'for personal injury . . . not arising on contract and not specifically provided otherwise.'" *Id*. at n.18.
[17] *Id*. at 1274 (Alaska 2013).

Defendant argues that this two-year statute of limitations bars Baum's claim, and this Court therefore should grant Defendant's motion to dismiss as untimely.[18] Plaintiff filed the Complaint in this matter on or about March 2, 2022.[19] Defendant argues that "even under a generous interpretation of the discovery rule, Baum waited too long to bring suit."[20] Defendant reasons that "even if this Court were to take the day when the final judgment was entered against Baum in December 2019," his March 2022 Complaint would be untimely.

Defendant also argues that the video footage Plaintiff sought in December 2018 did not exist, and Plaintiff therefore knew or should have known about the underlying facts for any possible complaint related to the non-existent video footage when the trial court ruled against him in January 2019. Plaintiff does not dispute this argument. In response, Plaintiff argues that on the date of the incident, the aisle he was injured in "contained over 20 video cameras," and despite repeated oral and written requests to preserve the video, the period including his accident was missing.[21] While this statement goes to the merits of Plaintiff's underlying claim that evidence was not either destroyed or concealed, it does not address the statute of limitations issue.

"[T]he primary purpose of the statute of limitations is to provide timely notice to the defendant to enable him to preserve and collect his evidence."[22] The start of a limitations period may be modified by the "discovery rule," which tolls the limitations

---

[18] Docket 16.
[19] Docket 5-2 (Summons and Notice to Both Parties of Judicial Assignment in state court case).
[20] Docket 16 at 5.
[21] Docket 19 at 3.
[22] *See Am. Marine Corp. v. Sholin*, 295 P.3d 924, 927 (Alaska 2013) (quotation omitted).

*Baum v. Quinn*  Case No. 3:22-cv-00069-RRB
Order of Dismissal  Page 4
Case 3:22-cv-00069-RRB   Document 23   Filed 09/19/22   Page 4 of 7

period until a plaintiff either receives actual knowledge of the facts giving rise to the cause of action, or receives new information would prompt a reasonable person to inquire further.[23]

Under the two-year statute of limitations, Plaintiff's claim with respect to any of the foregoing expired no later than October 2021, two years after the jury verdict and four months before this suit was filed. Accordingly, Defendant's Motion to Dismiss on Statute of Limitations grounds must be GRANTED.

However, even if Plaintiff's claim was subject to a longer statutory period, or if he could show that the statute should be tolled under the discovery rule, his claim would be subject to dismissal for other reasons, as discussed below.

## C. Collateral Estoppel/*Res Judicata*

The doctrine of *collateral estoppel*, or issue preclusion, is "grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed.'"[24] "Under *collateral estoppel*, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[25]

The related doctrine of *res judicata*, or claim preclusion, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been

---

[23] *Gefre*, 306 P.3d at 1275.
[24] *Wabakken v. California Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (citations omitted).
[25] *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414–15, 66 L. Ed. 2d 308 (1980) (internal citations omitted).

established, the conclusive resolution of disputes within their jurisdiction."[26]  "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[27]

Defendant argues that Baum's claims relate to the same request for video footage of his accident from 2016 that he raised at trial, and that it cannot be relitigated here because the issue already was decided by the state court in Baum's underlying case.[28] Indeed, Baum moved in state court to compel production of any video of the accident, and Home Depot opposed the motion to compel arguing that no such video existed, supported by sworn testimony that none of the globes visible from the place of Plaintiff's injury actually contained video cameras.

The trial court entered a form order denying the motion to compel. Plaintiff did not appear to raise this issue at the appeal to the Alaska Supreme Court, and Plaintiff has offered no evidence (other than his own suspicion and skepticism) to support his accusation that there was video that was not produced. Plaintiff asks the Court to review the deposition of Brandon Erickson, presumably to judge Erickson's credibility with respect to the lack of video evidence. Even if this Court could entertain such an appeal from a state court decision, a credibility determination is for the fact-finder, not a reviewing court.

---

[26] *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (citation omitted).
[27] *Allen*, 449 U.S. at 94.
[28] Docket 15 at 5; *see also* Docket 15-3 (State Court order denying motion to compel video).

## III. CONCLUSION

The Court finds that this matter was not timely, having been filed after the expiration of the statute of limitations. Moreover, a final judgment was entered in state court with respect to Plaintiff's personal injury claim, and Plaintiff lost his appeal. Plaintiff's current claim regarding missing video footage, which by all evidence before any court did not exist, seeks to overturn the result of a settled dispute. Accordingly, the Court finds that even if the statute of limitations had not expired, Plaintiff's claims must be dismissed. The doctrine of collateral estoppel precludes relitigation of the issue of the "missing" video evidence.[29] Accordingly, the Motions to Dismiss at Dockets 15 and 16 are GRANTED, and this matter is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 19th day of September 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[29] *Allen*, 449 U.S. at 94.